IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SHARRY OLSON,<br>3901 E. Kingsbury<br>Springfield, MO 65889<br><br>   Plaintiff,<br><br>v.<br><br>Missouri State Sports Properties, LLC<br>d/b/a Learfield IMG College<br>901 South National<br>Springfield, MO 65897<br><br>and<br><br>Learfield Communications, LLC<br>d/b/a Learfield IMG College<br>2400 Dallas Parkway, Suite 500<br>Plano, TX 75093<br><br>   Defendants. | Case No.<br>Division No.<br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT

COMES NOW Plaintiff Sharry Olson ("Sharry"), by and through counsel, and for her Petition against Defendants Missouri State Sports Properties, LLC d/b/a Learfield IMG College and Learfield Communications, LLC d/b/a Learfield IMG College (collectively referred to herein as "Defendants"), states as follows:

1. Sharry is a 59 year old female, with a birth date of April 11, 1962, who resides in Springfield, Greene County, Missouri.

2. Defendant Missouri State Sports Properties, LLC d/b/a Learfield IMG College is a limited liability company that is organized and existing under the laws of the State of Missouri and currently doing business in the State of Missouri.

3. Defendant Learfield Communications, LLC d/b/a Learfield IMG College is a limited liability company that is organized and existing under the laws of the State of Delaware, currently registered to do business in and currently doing business in the State of Missouri.

4. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. 1331 and RSMo. §213.111.1.

5. At all times relevant herein, Defendants were an employer within the meaning of RSMo. §213.010(8), in that Defendants employed six (6) or more persons in the State of Missouri; as well as 29 U.S.C. §630(b), in that Defendants employed twenty (20) or more persons for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year; and 42 U.S.C. §12111, in that Defendants had more than twenty-five (25) employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

6. Sharry is a member of the category of persons protected from discrimination on the basis of age pursuant to RSMo. §213.010(1), 29 U.S.C. §621, *et seq*.

7. Sharry is a member of the category of persons protected from discrimination on the basis of sex pursuant to RSMo. §213.010, *et seq.* and 42 U.S.C. 2000e, *et seq*.

8. Sharry began working for Defendants on February 3, 2014.

9. At all times during her employment with Defendants, Sharry performed the duties of her job in a satisfactory manner.

10. On November 8, 2019, Sharry was terminated from her employment by Defendants because of her age and her sex.

11. Sharry was replaced by a much younger employee.

12. Sharry was discharged by the Defendants because of her age and her sex.

13. Sharry's age and sex were motivating factors in the Defendants' decision to discharge Sharry,

in that Sharry's protected classifications of her age and her sex actually played a role in the Defendants' adverse action and/or decision and had a determinative influence on the Defendants' adverse decision and/or action to terminate Sharry's employment.

14. On or about March 24, 2020, Sharry filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") and the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination by Defendants on the basis of her age and her sex ("Charge of Discrimination").

15. On or about May 12, 2021, the EEOC and the MCHR issued a Notice of Right to Sue for Sharry's Charge of Discrimination.

16. Sharry has filed this action within 90 days of the date of her Notice of Right to Sue, and within two (2) years of the last act of discrimination alleged herein. (A true and accurate copy of the Charge of Discrimination and Notice of Right to Sue are attached hereto as Exhibit A and are incorporated herein by reference).

17. The Charge of Discrimination included within the attached Exhibit A provided the MCHR and the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of the investigation which could reasonably be expected to have grown out of the charge.

18. Sharry has met all deadlines and has satisfied all procedural, administrative, and judicial prerequisites to filing suit.

19. As a result of the Defendants' conduct, Sharry has lost wages and benefits of employment, suffered emotional distress and mental anguish, and incurred attorneys' fees and costs of litigation, and will continue to incur such fees and costs.

20. The Defendants' unlawful decision and/or action to terminate Sharry's employment was

made or taken because of Sharry's age and sex and was the direct proximate cause of Sharry's damages.

21. The Defendants' conduct was outrageous because of the Defendants' evil motive or reckless indifference to Sharry's right not to be discriminated against, and is conduct for which punitive damages are warranted.

## COUNT I – AGE DISCRIMINATION

22. To the extent they are not inconsistent, Sharry incorporates by reference the allegations of paragraphs 1 through 21 above.

23. The Defendants intentionally discriminated against Sharry on the basis of her age in the terms and conditions of her employment as described herein, including, but not limited to, Sharry's termination.

WHEREFORE, Plaintiff Sharry Olson respectfully prays for judgment in her favor and against Defendants Missouri State Sports Properties, LLC d/b/a Learfield IMG College and Learfield Communications, LLC d/b/a Learfield IMG College, jointly and severally, and requests an award of her actual damages which are fair and reasonable, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), including but not limited to her lost wages and benefits, with interest, through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, loss of self-esteem, humiliation and other non-pecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other and further relief as the Court deems just and proper.

## COUNT II – SEX DISCRIMINATION

24. To the extent they are not inconsistent, Sharry incorporates by reference the allegations of

paragraphs 1 through 23 above.

25. The Defendants intentionally discriminated against Sharry on the basis of her sex in the terms and conditions of her employment as described herein, including, but not limited to, Sharry's termination.

WHEREFORE, Plaintiff Sharry Olson respectfully prays for judgment in her favor and against Defendants Missouri State Sports Properties, LLC d/b/a Learfield IMG College and Learfield Communications, LLC d/b/a Learfield IMG College, jointly and severally, and requests an award of her actual damages which are fair and reasonable, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), including but not limited to her lost wages and benefits, with interest, through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, loss of self-esteem, humiliation and other non-pecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other and further relief as the Court deems just and proper.

Respectfully Submitted,

BECKETT & HENSLEY, L.C.

*/s/ Theodore C. Beckett, III*
Theodore C. Beckett, III     #27230
tcb@beckettandhensley.com
Jeffrey M. Hensley     #39159
jeff@beckettandhensley.com
2345 Grand Boulevard, Suite 1600
Kansas City, MO 64108
Tele:  (816) 471-7500
Fax:   (816) 222-0708

Attorneys for Plaintiff